UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| KIMBERLY A. POLACHEK, | : | Case No. 1:22-cv-742 |
| Plaintiff, | : | |
| vs. | : | Judge Douglas R. Cole |
| | : | Magistrate Judge Caroline H. Gentry |
| CAPTAIN DAMON ROBERTS, *et al.*, | : | |
| Defendants. | : | |

## DEFICIENCY ORDER

Plaintiff, a pretrial detainee proceeding without the assistance of counsel, has submitted a civil rights complaint to this Court. (Doc. 1-1). Plaintiff alleges she told the Scioto County Jail that she was suicidal during intake but has been denied the psychiatric medications necessary to maintain her mental health. (*Id.*). The case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges.

Plaintiff has not paid the filing fees required to commence this civil action. She has instead filed an Application to proceed *in forma pauperis* and without the prepaying the filing fees. (Doc. 1). The Application is incomplete.

As a prisoner, Plaintiff is subject to the requirements of the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h). Under the PLRA, a prisoner seeking to bring a civil action without prepaying fees or security—to proceed *in forma pauperis*—must submit an application and affidavit to proceed without prepayment of fees <u>and</u> a certified copy of their trust fund account statement (or institutional equivalent) for the six-month period immediately prior to

the filing of the complaint. 28 U.S.C. § 1915(a)(2). The trust fund account statement is obtained from the cashier of the prison or jail at which the prisoner is or was confined. *Id*.

A prisoner granted leave to proceed *in forma pauperis* must still pay the entire $350 filing fee but will do so over time. 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1914(a). A prisoner proceeding *in forma pauperis* will not be required to pay the Court's $52 administrative fee. *See* Judicial Conference Schedule of Fees, No. 14 (issued in accordance with 28 U.S.C. § 1914), available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

Here, Plaintiff has filed an Application to proceed *in forma pauperis*. (Doc. 1). But the Application does not attach a certified copy of Plaintiff's trust fund account statement (or institutional equivalent) for the six-month period immediately prior to the filing of the complaint. 28 U.S.C. § 1915(a)(2). The "Certificate" page of her application is unsigned. (Doc. 1, PageID 8). As such, the Application does not satisfy the PLRA.

Plaintiff is **ORDERED** to either pay $402 ($350 filing fee plus $52 administrative fee) or submit to the Court a certified copy of Plaintiff's trust fund account statement (or institutional equivalent) for the six-month period immediately prior to the filing of the complaint **WITHIN THIRTY DAYS** of the date of this Deficiency Order. To assist Plaintiff, the Clerk of Court is **DIRECTED** to send her a blank copy of Page 8 of the Application to proceed *in forma pauperis* that is used in this Court along with this Deficiency Order. The Clerk is further **DIRECTED** to send this Deficiency Order (and Page 8) to the cashier of the institution at which Plaintiff is confined.

If Plaintiff fails to comply with this Deficiency Order, the Court shall dismiss the case for want of prosecution. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). If

Plaintiff's case is so dismissed, it will not be reinstated to the Court's active docket despite payment of the filing fee. *Id*.

Plaintiff is **ADVISED** that she must keep this Court informed of her current address, and promptly file a Notice of New Address if she is released or transferred.

**IT IS SO ORDERED.**


January 26, 2023               */s/ Caroline H. Gentry*
                               CAROLINE H. GENTRY
                               UNITED STATES MAGISTRATE JUDGE