UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| KIMBERLY M. POLACHEK, | : | Case No. 1:22-cv-742 |
| Plaintiff, | : | |
| vs. | : | Judge Douglas R. Cole |
| | : | Magistrate Judge Caroline H. Gentry |
| CAPTAIN DAMON ROBERTS, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Kimberly M. Polachek, a state prisoner who is proceeding *in forma pauperis* and without the assistance of counsel, has filed a civil rights action in this Court. She alleges that she did not receive necessary medication and treatment while incarcerated at the Scioto County Jail. (Doc. 5, PageID 45). The matter is currently before the Court for an initial screening of the Complaint as required by law. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).

For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint **WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted against either named Defendant.

**I.      Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis* (*see* Doc. 4), the Court is required to conduct an initial screening of her Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous,

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

A complaint must also be dismissed if it fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2). To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a

complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

## II. Parties and Claims

When Plaintiff Kimberly M. Polachek submitted the Complaint, she was a pretrial detainee in custody at the Scioto County Jail ("Jail"). (Complaint,[1] PageID 45). Plaintiff is currently in custody at a different facility. The claims in the Complaint pertain to the time period during which she was incarcerated at the Jail. (*Id*.).

Plaintiff alleges that after her arrest on July 25, 2022, she informed the Jail that she was suicidal and had several mental health conditions. She alleges that the Jail did not, however, provide her with the medications necessary to treat those conditions—even though she had begun taking those medications when she was seven years old. (Complaint, PageID 45). It appears that Plaintiff still had not received these medications when she submitted her Complaint

---

[1] For better readability, the Undersigned will cite to Plaintiff's Complaint (ECF No. 5) simply as the Complaint.

several months later on December 6, 2022. (*Id.*, PageID 47). According to the website of the Ohio Department of Rehabilitation and Correction, Plaintiff was later convicted in a Scioto County court and transferred to state custody. *See* https://appgateway.drc.ohio.gov/Offender Search/Search/Details/W110802 (last accessed May 8, 2023). (*See also* Doc. 3, PageID 34 (Plaintiff's letter noting her conviction and an upcoming change of address)).

The Undersigned reads the Complaint to allege a claim under the Fourteenth Amendment to the United States Constitution for deliberate indifferent to a serious medical need.[2] Plaintiff asserts this claim under 42 U.S.C. § 1983, which requires her to plead "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). (*See* Civil Cover Sheet, Doc. 1-2, PageID 17).

Plaintiff has sued two defendants: (1) Captain Damon Roberts, who is affiliated with the Scioto County Sheriff's Office and is in charge of the Jail,[3] and (2) the Scioto County Jail. (Complaint, PageID 41, 44). Notably, ***Plaintiff does not seek injunctive relief.*** Instead, Plaintiff only seeks monetary damages for her pain and suffering. (*Id.*, PageID 46).

## III. Discussion

As currently pled, Plaintiff's Complaint does not state a claim on which relief may be granted against either named Defendant. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

---

[2] *See Howell v. NaphCare, Inc.*, No. 21-4132, 2023 WL 3163323, at *3 (6th Cir. May 1, 2023) (citing *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018)) ("Both pretrial detainees . . . and convicted prisoners have a constitutional right to be free from deliberate indifference to their serious medical needs. For a pretrial detainee, the right arises under the Fourteenth Amendment, while a prisoner's right comes from the Eighth Amendment.").

[3] *See* the Scioto County Sheriff's Office website, available at https://www.sciotocountysheriff.org/corrections (last accessed May 8, 2023) (indicating that Captain Damon Roberts oversees the Corrections Division, which includes Jail Operations).

As to Plaintiff's claims against the Scioto County Jail, it is well-established that a jail is not a "person" who can be sued under Section 1983. *See, e.g., Hughes v. Donini*, No. 1:13-cv-569, 2013 WL 5521671, at *4 (S.D. Ohio Oct. 3, 2013) (dismissing all claims against the Scioto County Jail because it is not a legal entity capable of being sued); *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (affirming the dismissal of a complaint on screening for failure to state an actionable claim under § 1983, because a county jail was a "department of the county" and "not a legal entity susceptible to suit"). All claims against the Scioto County Jail should therefore be **DISMISSED**.

Plaintiff's claims against Captain Roberts fail to state a claim for a different reason. As noted above, Plaintiff presumably sued Captain Roberts because he is in charge of the Jail. If Plaintiff were seeking injunctive relief—that is, if she were asking the Court to issue an order requiring the Jail to provide her with the necessary medication—then she would be permitted to sue the official in charge of the Jail (i.e., Captain Roberts) in his official capacity even if he had no personal involvement in the matter. *Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (authorizing lawsuits against state officials for prospective injunctive relief notwithstanding the state's Eleventh Amendment immunity). The Court would then have the ability to order Captain Roberts, as the official in charge of the jail, to provide Plaintiff with her medications.

But Plaintiff is not seeking injunctive relief, and different rules apply when a plaintiff is seeking damages against a state entity or official. In that circumstance, a plaintiff must allege that each defendant had some personal involvement in the facts that gave rise to her claims. And there is no allegation in the Complaint that Captain Roberts did or said anything, or took any action, or failed to take any action, with respect to Plaintiff's medical needs and treatment. There is no allegation that he was even aware of Plaintiff's situation.

The United States Court of Appeals for the Sixth Circuit has said that "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). "Damage claims against government officials arising from alleged violations of constitutional rights must allege facts that demonstrate what *each* defendant did that violated the asserted constitutional right." *Culberson v. Franklin Cnty. Correction*, No. 2:22-cv-3671, 2022 WL 17600955, at *3 (S.D. Ohio Dec. 13, 2022), *report and recommendation adopted*, 2023 WL 3180755 (S.D. Ohio May 1, 2023) (cleaned up and citations omitted); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of [plaintiff's] federal rights").

Here, Plaintiff does not make any allegations against Captain Roberts specifically. She says that she told "the Jail" about her needs and the Jail did not provide the required medication or allow a mental health organization to do the "intake" that was needed for her to receive those medications. (Complaint, PageID 45). But Captain Roberts is not the same thing as "the Jail," and he cannot be held responsible for everything that occurred there simply because he is in charge of the staff who allegedly failed to provide medical care. Put another way, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability." *Hinton v. Skipper*, No. 1:21-cv-480, 2021 WL 4859744, at *2 (W.D. Mich. Oct. 19, 2021) (citing *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); and *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)). "Rather, individuals sued in their personal capacity under § 1983 are liable

6

only for their *own* unconstitutional behavior." *Hollis v. Erdos*, 480 F. Supp. 3d 823, 833 (S.D. Ohio May 12, 2020) (citing *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011)) (emphasis in original).

It is also well-settled that "a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). For such a claim to proceed, "a plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (quoting *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 865 (6th Cir. 2020)) (cleaned up). There are no such allegations in the Complaint.

Accordingly, because of the lack of any factual allegations against him, all claims against Captain Roberts in his *individual or personal capacity* should be **DISMISSED**.

To the extent that Plaintiff has sued Captain Roberts in his *official capacity*, her claim is equivalent to one made against Scioto County. "While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (cleaned up) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity"—here, Scioto County. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . .

7

inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." *Nichols v. Wayne Cnty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

Here, Plaintiff has not plausibly alleged any facts upon which the Court could rely to conclude that an official policy or custom of Scioto County resulted in the violation of her constitutional rights. As a result, any claims against Captain Roberts in his *official capacity* should also be **DISMISSED**.

### IV. Conclusion

The Undersigned has screened the Complaint as required by 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2). For the reasons discussed above, the Undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint in its entirety for failure to state a claim upon which relief can be granted. The dismissal is recommended to be **WITHOUT PREJUDICE** so that Plaintiff has the opportunity to replead her claims, if she chooses to do so.

The Undersigned also **RECOMMENDS** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendations would not

be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

   **IT IS SO RECOMMENDED.**

<u>May 17, 2023            </u>        <u> */s/ Caroline H. Gentry            </u>
                   CAROLINE H. GENTRY
                   UNITED STATES MAGISTRATE JUDGE

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

9