UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KIMBERLY M. POLACHEK,**

  **Plaintiff,**

 v.

**CAPTAIN DAMON ROBERTS,** *et al.***,**

  **Defendants.**

Case No. 1:22-cv-742
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Gentry

## ORDER

 In her Report and Recommendation (R&R) (Doc. 8), Magistrate Judge Gentry advises the Court to dismiss without prejudice Kimberly Polachek's Complaint (Doc. 5), for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons briefly discussed below, and especially given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 8) and **DISMISSES** Polachek's Complaint (Doc. 5) **WITHOUT PREJUDICE**.

 Polachek, proceeding pro se, sued Captain Roberts and the Scioto County Jail (Jail) in December 2022. She alleged that Defendants deprived her of necessary medications and healthcare for her mental health conditions during her detention there from July 2022, when she was arrested, until she filed her Complaint in December 2022. (Doc. 5, #45–46). Polachek seeks only monetary damages: $500,000 for pain and suffering and an additional $50,000 per day for each day she had been denied the requisite healthcare. *(Id.* at *#46).* She does not seek injunctive relief

ordering Defendants to provide her medications. And in any event, as of May 17, 2023, she was incarcerated at a different facility. (Doc. 8, #60–61).

Polachek sought leave to proceed in forma pauperis on December 12, 2022. (Doc. 1). Magistrate Judge Gentry granted that Motion on March 14, 2023. (Doc. 4). Shortly thereafter, on May 17, 2023, she recommended that the Court dismiss Polachek's Complaint without prejudice. (Doc. 8, #58).

The R&R included a notice informing both parties that failure to object to its conclusions within fourteen days may result in forfeiture of certain rights, including the right to de novo review by this Court. *(Id.* at #66). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("[F]ail[ure] to file an objection to the magistrate judge's R & R ... [constitutes a] forfeiture." (emphasis omitted)). Neither party objected to the R&R.

But the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Magistrate Gentry reviewed the merits of Polachek's filings under 28 U.S.C. §§ 1915, 1915A. (Doc. 8, #58). That statute "require[s] the court to dismiss any portion

2

of the complaint that (1) fails to state a claim upon which relief can be granted, or (2) is frivolous." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). A *pro se* complaint is analyzed less stringently than one drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But it still "must contain either direct or inferential allegations respecting all the material elements to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (cleaned up).

Magistrate Judge Gentry construed the Complaint as asserting a 42 U.S.C. § 1983 claim based on alleged Fourteenth Amendment violations. (Doc. 8, #61). A § 1983 claim requires, at a minimum, a "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). The Magistrate Judge found that none of Polachek's claims satisfy this standard. She recommended dismissal of the claim against Scioto County Jail because "a jail is not a 'person' who can be sued under Section 1983." (Doc. 8, #62). The claims against Captain Roberts in his individual or personal capacity, meanwhile, fell short because Polachek seeks damages without alleging that Captain Roberts had any personal involvement in the facts that gave rise to her claims. (*Id.* at #62–63). Finally, Magistrate Judge Gentry found that any claims against Roberts in his official capacity were lacking because "Plaintiff has not plausibly alleged any facts upon which the Court could rely to conclude that an official

3

policy or custom of Scioto County resulted in the violation of her constitutional rights." (*Id.* at #65).

The Court finds that the Magistrate Judge did not clearly err. First, the R&R correctly notes that a jail is not a "person" against whom plaintiffs can bring § 1983 claims because it "is not a legal entity susceptible to suit." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citation omitted). Rather, the Jail is a department of Scioto County. *Id.* Therefore, Polachek's § 1983 claim against the Jail is really a claim against the County. *Id.*

Captain Roberts in his official capacity also "stand[s] in the shoes of the entity [he] represent[s]." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citation omitted). Any claim against either Captain Roberts in his official capacity or the Jail, then, is the equivalent of suing Scioto County as a governmental entity.

A viable § 1983 claim against a governmental entity "must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." *Nichols v. Wayne Cnty.*, 822 F. App'x 445, 448 (6th Cir. 2020) (citing *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove that a "policy" or "custom" is unconstitutional by demonstrating: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified

4

illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). The Complaint does not reference any jail policy, attack Defendants' underlying legal authority, or allege that Captain Roberts wielded his authority improperly. Therefore, because Polachek's § 1983 claims against the Jail and against Captain Roberts in his official capacity are really claims against Scioto County, the Magistrate Judge did not clearly err in determining that the Complaint's failure to include any such allegations renders it legally defective as to those claims.

As for the individual-capacity claim against Captain Roberts, the Court finds the Magistrate Judge likewise did not clearly err in finding that "there is no allegation in the Complaint that Captain Roberts did or said anything, or took any action, or failed to take any action, with respect to Plaintiff's medical needs and treatment." (Doc. 8, #62). That matters because "[t]he Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did that violated the asserted constitutional right.'" *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Moreover, Polachek cannot sue Roberts in his individual capacity merely because he supervises Jail staff—vicarious liability is not a plausible legal theory under § 1983. *Everson v. Leis*, 556 F.3d 484,

5

495 (6th Cir. 2009)). To bring a successful suit against Captain Roberts as a supervisor, Polachek would need to allege that he "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (citation and quotation marks omitted). She makes no such allegations. In short, because Polachek seeks damages and not injunctive relief, the Court finds that the Magistrate Judge did not clearly err in determining that failing to allege anything about Captain Roberts's conduct prevents Polachek from moving forward with her claims against him in his personal capacity.

Accordingly, the Court **ADOPTS** the R&R (Doc. 8) and **DISMISSES** Polachek's Complaint (Doc. 5) **WITHOUT PREJUDICE** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thereby **DENYING** Polachek leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

    **SO ORDERED.**

September 28, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**